**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| DBSD NORTH AMERICA, INC., *et al.*,[1] | ) ) ) | Case No. 09-13061 (REG) |
| Debtors. | ) ) ) | Jointly Administered |

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF JEFFERIES & COMPANY, INC. AS INVESTMENT BANKER AND FINANCIAL ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "**Application**") of the above-captioned debtors (the "**Debtors**") for the entry of an order (this "**Order**") authorizing the employment and retention of Jefferies & Company, Inc. ("**Jefferies**") as the Debtors' investment banker and financial advisor *nunc pro tunc* to May 15, 2009 (the "**Petition Date**") pursuant to the engagement letter and indemnification agreement, each dated as of February 1, 2009, attached as <u>Exhibit C</u> to the Application, and upon the Declaration of Michael P. Corkery (A) in Support of Debtors' Chapter 11 Petitions and First Day Motions and (B) Pursuant to Local Rule 1007-1 [Docket No. 11]; upon (i) the Affidavit, dated May 21, 2009, of Michael Henkin, a Managing Director of Jefferies [Docket No. 38], and (ii) the Supplemental Affidavit, dated July 9, 2009, of Michael Henkin [Docket No. 174] (collectively, the "**Jefferies Affidavits**"), both filed in support of the Application; and the official committee of unsecured creditors (the "**Official Committee**") and

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: DBSD North America, Inc. (6404); 3421554 Canada, Inc. (6404); DBSD Satellite Management, LLC (3242); DBSD Satellite North America Limited (6400); DBSD Satellite Services G.P. (0437); DBSD Satellite Services Limited (8189); DBSD Services Limited (0168); New DBSD Satellite Services G.P. (4044); and SSG UK Limited (6399). The service address for each of the Debtors is 11700 Plaza America Drive, Suite 1010, Reston, Virginia 20190.

the Indenture Trustee with respect to the Debtors' senior secured notes due 2009 (the "**Indenture Trustee**"), acting at the direction of the *ad hoc* committee of holders of the Debtors' senior secured notes due 2009 (the "**Ad Hoc Note Holders' Committee**"), both having raised informal objections to the Application, and both having filed with the Court their respective reservations of rights with respect to the Application [Docket Nos. 160 and 169] (collectively, the "**Reservation of Rights**"); and following extensive negotiations, the Debtors and Jefferies having agreed to the terms of a modified engagement letter and related indemnification agreement, each dated July 9, 2009, a copy of each of which is annexed hereto as Exhibit A (the "**Modified Engagement Letter**"); and, based on the terms of the Modified Engagement Letter, the Official Committee and the Ad Hoc Note Holders' Committee, both having indicated their support for the retention of Jefferies pursuant to the terms Modified Engagement Letter and this Order; and the Official Committee and the Indenture Trustee having withdrawn their respective Reservation of Rights as stated on the record of the Hearing (as defined below); and an objection to the Application, dated July 6, 2009 [Docket No. 163], having been filed by Wells Fargo Bank, N.A., as administrative agent, and by the first lien lenders party to a certain first lien credit agreement with the Debtors (the "**First Lien Lenders' Objection**"); and the Debtors and Jefferies both having filed their respective responses [Docket Nos. 176 and 174] (collectively, the "**Responses**") to the First Lien Lenders' Objection; and the Court having held an evidentiary hearing on the Application on July 14, 2009 (the "**Hearing**"); and upon the testimony presented, the arguments of counsel and the entire record made at the Hearing; and the Court having considered the First Lien Lenders' Objection, the Responses and the Jefferies Affidavits; and it appearing that the employment and retention of Jefferies by the Debtors is in the best interests of the Debtors' estates, their creditors, and other parties in interest and that the terms of the

Modified Engagement Letter are reasonable; the Court being satisfied that Jefferies neither holds nor represents any interest adverse to the Debtors' estates with respect to the matters upon which it is to be employed; the Court having determined that Jefferies is a "disinterested person" as that term is defined in 28 U.S.C. § 101; the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Application having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that: [2]

1. The Application, as modified by the terms of the Modified Engagement Letter and this Order, is granted. All objections to the Application (including, without limitation, the First Lien Lenders' Objection) and all reservations of rights with respect thereto, to the extent not previously withdrawn, are hereby overruled.

2. The Debtors are authorized to employ and retain Jefferies in accordance with the terms and conditions set forth in the Modified Engagement Letter and this Order, *nunc pro tunc* to May 15, 2009, pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code.

3. Jefferies' compensation as set forth in the Modified Engagement Letter is approved.

4. Notwithstanding anything in this Order to the contrary, Jefferies and its professionals shall be excused from maintaining time records as set forth in the Local Bankruptcy Rules for the Southern District of New York, the United States Trustee Fee

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Application or the Modified Engagement Letter, as applicable.

Guidelines, and other rules in connection with the services to be rendered pursuant to the Modified Engagement Letter and shall instead submit time records in half-hour increments.

5. Notwithstanding anything in this Order to the contrary, the United States Trustee for the Southern District of New York shall retain all rights to object to Jefferies' interim and final fee applications (including expense reimbursement) on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6. In the event Jefferies seeks reimbursement for attorneys' fees pursuant to the terms of the Modified Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Jefferies' own application, and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code.

7. The Debtors shall be bound by the indemnification, contribution, reimbursement, exculpation, and other provisions of the Modified Engagement Letter during the pendency of the Chapter 11 Cases, subject to the following conditions:

    a. all requests of Indemnified Persons (as defined in the Application) for payment of indemnity, contribution, or otherwise pursuant to the indemnification provisions of the Modified Engagement Letter shall be made by means of an interim or final fee application and shall be subject to the approval of, and review by, the Court to ensure that such payment conforms to the terms of the Modified Engagement Letter, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the orders of this Court; <u>provided</u>, <u>however</u>, that in no event shall an Indemnified Person be indemnified or receive contribution to the extent that any claim or expense has resulted from the bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence or willful misconduct on the part of that or any other Indemnified Person;

    b. in no event shall an Indemnified Person be indemnified or receive contribution or other payment under the indemnification provisions of the Modified Engagement Letter if the Debtors, their estates, or the Committee assert a claim, to the extent that the Court determines by final

4

order that such claim resulted from the gross negligence or willful misconduct on the part of that or any other Indemnified Person; and

  c.  in the event an Indemnified Person seeks reimbursement for attorneys' fees from the Debtors pursuant to the Modified Engagement Letter, the invoices and supporting time records from such attorneys shall be annexed to Jefferies' own interim and final fee applications, and such invoices and time records shall be subject to the guidelines established by the United States Trustee's and the approval of the Bankruptcy Court under the standards of section 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

8. The Debtors shall provide prompt written notice (which may be by email) to counsel for (a) the Official Committee and (b) the Ad Hoc Note Holders Committee, of any Exploration Request (as defined in Section 4(a)(iii) of the Modified Engagement Letter) made of Jefferies by the Debtors (such notice, an "Exploration Notice"). Notwithstanding anything in the Modified Engagement Letter to the contrary, the Official Committee and the Ad Hoc Note Holders' Committee shall have five (5) business days following the date of the Exploration Notice to submit to the Debtors and Jefferies a written objection to the reduced crediting of Jefferies' Monthly Fees as contemplated in the second paragraph of Section 4(a)(iii) of the Modified Engagement Letter (hereinafter the "Reduced Monthly Fee Credit"). If neither of the Official Committee and the Ad Hoc Note Holders' Committee submit an objection to the Reduced Monthly Fee Credit within such five (5) business day period, the Reduced Monthly Fee Credit shall be deemed approved effective as of the date of the Exploration Notice and shall become effective without further action or Order of this Court. If either the Official Committee or the Ad Hoc Note Holders' Committee (such party, as applicable, the "Objector" and if both parties, together, the "Objectors") timely submits an objection to the Reduced Monthly Fee Credit within such five (5) business day period, then the Debtors, Jefferies and/or the Objector(s) may request an expedited hearing before the Court to consider such objection; provided,

<u>however</u>, that nothing herein shall prevent the parties from resolving any such objection submitted by the Objector(s) on a consensual basis, in which event the Debtors, Jefferies and the Objector(s) shall file a joint notice with the Court describing such resolution, and the terms described in such notice, when filed, shall be deemed approved effective as of the date of the Exploration Notice and shall become effective without further action or Order of this Court.

9. To the extent that the Debtors provide Jefferies with a Basic Transaction Fee Notice and/or a Special Transaction Fee Notice pursuant to the Modified Engagement Letter, the Debtors shall concurrently provide a copy of such notice to respective counsel to the Official Committee and the Ad Hoc Note Holders' Committee.

10. The second full paragraph in Section 4(a)(iii) of the Modified Engagement Letter is hereby deemed amended and replaced in its entirety with the following paragraph:

> "In addition, Jefferies shall credit against the Transaction Fee 50% of all Monthly Fees due under this Agreement and actually paid to Jefferies for the period after July 31, 2009 through September 30, 2009, 75% of all Monthly fees due under this Agreement and actually paid to Jefferies for the period after September 30, 2009 and through the confirmation date of a Plan, and 100% of all Monthly Fees due under this Agreement and actually paid to Jefferies thereafter; provided, however, that in the event that the Company instructs Jefferies (the "<u>Exploration Request</u>") to assist in exploring alternatives to the Company's filed plan of reorganization in the period between September 30, 2009 and the Plan confirmation date, or to the confirmed Plan in the period between the confirmation date of the Plan and the effective date of the Plan, the foregoing 75% or 100% crediting of Monthly Fees, as applicable, shall be reduced to a crediting of 50% crediting of Monthly Fees beginning on that date on which the Exploration Request occurs."

11. Notwithstanding anything to the contrary in the Modified Engagement Letter, the Bankruptcy Court shall have jurisdiction to resolve any disputes related to the employment and retention of Jefferies by the Debtors.

12. To the extent this Order is inconsistent with the Modified Engagement Letter or the Application, this Order shall govern.

13. The Debtors and Jefferies are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order and in accordance with the Application and Modified Engagement Letter.

14. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Dated: July **22**, 2009

                                        *s/ Robert E. Gerber*
                                        United States Bankruptcy Judge

K&E 14980394.1