**<u>Exhibit A</u>**

**Certification**

James H.M. Sprayregen, P.C.
KIRKLAND & ELLIS LLP
Citigroup Center
601 Lexington Avenue
New York, New York  10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

    - and -

Marc J. Carmel
Lauren M. Hawkins
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| DBSD NORTH AMERICA, INC., *et al.*,[1] | ) | Case No. 09-13061 (REG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**CERTIFICATION OF MARC JASON CARMEL FOR THE
SECOND INTERIM APPLICATION OF KIRKLAND & ELLIS LLP
FOR (A) COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND
(B) REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED
DURING THE PERIOD AUGUST 1, 2009 THROUGH DECEMBER 31, 2009**

    I, Marc Jason Carmel, certify as follows:

---

[1]    The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are:  DBSD North America, Inc. (6404); 3421554 Canada Inc. (4288); DBSD Satellite Management, LLC (3242); DBSD Satellite North America Limited (6400); DBSD Satellite Services G.P. (0437); DBSD Satellite Services Limited (8189); DBSD Services Limited (0168); New DBSD Satellite Services G.P. (4044); and SSG UK Limited (6399).  The service address for each of the Debtors is 11700 Plaza America Drive, Suite 1010, Reston, Virginia 20190.

1.      I am a partner in the law firm of Kirkland & Ellis LLP ("**K&E**").  I submit this certification with respect to the second interim application of Kirkland & Ellis LLP for (a) compensation for professional services rendered and (b) reimbursement of actual and necessary expenses incurred during the period August 1, 2009 through December 31, 2009 (the "**Second Interim Fee Application**").[2]

2.      I make this certification in accordance with General Order M-389, Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, adopted by the United States Bankruptcy Court for the Southern District of New York on November 25, 2009 (the "**Local Guidelines**") and with the Executive Office for the United States Trustee's guidelines for reviewing applications for compensation and reimbursement of expenses filed under 11 U.S.C. § 330 effective January 30, 1996 (the "**UST Guidelines**" and, together with the Local Guidelines, the "**Guidelines**").

3.      In connection therewith, I hereby certify that:

(a)      I have read the Second Interim Fee Application;

(b)      To the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought in the Second Interim Fee Application fall within the Guidelines, except as specifically set forth herein;

(c)      Except to the extent that fees or disbursements are prohibited by the Guidelines, the fees and disbursements sought in the Second Interim Fee Application are billed

---

[2]      Capitalized terms used but not defined herein have the meanings set forth in the Second Interim Fee Application.

at rates and in accordance with practices customarily employed by K&E and generally accepted by K&E's clients;

(d)      In providing a reimbursable expense, K&E does not make a profit on that expense, whether the service is performed by K&E in-house or through a third party;

(e)      In accordance with the Interim Compensation Order, K&E has served five Monthly Fee Statements covering the Second Interim Fee Period on: (i) the Debtors; (ii) the U.S. Trustee; (iii) counsel to the Committee; (iv) counsel to the First Lien Lenders; and (v) counsel to the Second Lien Lenders on or before the twenty-fifth day of each month following the month for which compensation and reimbursement was sought; and

(f)      Pursuant to the Local Guidelines, the Debtors, the U.S. Trustee, and the Committee will each be provided with a copy of the Second Interim Fee Application simultaneously with the filing thereof and will have at least 14 days to review such Second Interim Fee Application prior to any objection deadline with respect thereto.

Dated: February 16, 2010

/s/ *Marc Jason Carmel*
Marc Jason Carmel

**<u>Exhibit B</u>**

**Retention Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DBSD NORTH AMERICA, INC., *et al.*,[1] | ) | Case No. 09-13061(REG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KIRKLAND & ELLIS LLP AS ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "**Application**") of the above-captioned debtors (the "**Debtors**")

for the entry of an order (this "**Order**") authorizing the employment and retention of Kirkland &

Ellis LLP ("**K&E**") as the Debtors' attorneys *nunc pro tunc* to the date these chapter 11 cases

were commenced (the "**Petition Date**"), pursuant to sections 327(a) and 330 of the title 11 of the

United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local

Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"); the Court having

jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C.

§§ 157 and 1334; consideration of the Application and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to

28 U.S.C. §§ 1408 and 1409; the Court having reviewed the Application, the Declaration of

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: DBSD North America, Inc. (6404); 3421554 Canada Inc. (6404); DBSD Satellite Management, LLC (3242); DBSD Satellite North America Limited (6400); DBSD Satellite Services G.P. (0437); DBSD Satellite Services Limited (8189); DBSD Services Limited (0168); New DBSD Satellite Services G.P. (4044); and SSG UK Limited (6399). The service address for each of the Debtors is 11700 Plaza America Drive, Suite 1010, Reston, Virginia 20190.

James H.M. Sprayregen, P.C. (the "**Sprayregen Declaration**") in Support of the Application and the Declaration of Michael P. Corkery (A) in Support of Debtors' Chapter 11 Petitions and First Day Motions and (B) Pursuant to Local Rule 1007-2 [Docket No. 11] (the "**First Day Declaration**"); the Court being satisfied based on the representations made in the Application, the Sprayregen Declaration, and the First Day Declaration that (a) K&E does not hold or represent an interest adverse to the Debtors' estates and (b) K&E is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; it appearing to the Court that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefore, it is ORDERED that:

1. The Application is granted to the extent set forth herein.

2. The Debtors are authorized to employ and retain K&E as their attorneys in accordance with the terms and conditions set forth in the engagement letter annexed hereto as Exhibit 1 (the "**Engagement Letter**"), *nunc pro tunc* to the Petition Date.

3. K&E is authorized to render professional services to the Debtors as described in the Engagement Letter, including the following legal services:

   a. advising the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their business and properties;

   b. advising and consulting on the conduct of the Debtors' chapter 11 cases (the "**Chapter 11 Cases**"), including all of the legal and administrative requirements of operating in chapter 11;

   c. attending meetings and negotiating with representatives of the Debtors' creditors and other parties in interest;

   d. taking all necessary or otherwise beneficial action to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors' interests in negotiations concerning all litigation in which the

2

Debtors are involved, including objections to claims filed against the Debtors' estates;

e.    preparing all pleadings, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

f.    representing the Debtors in connection with obtaining any postpetition financing or use of cash collateral;

g.    advising the Debtors in connection with any potential sale of assets;

h.    appearing before the Court and any appellate courts or other courts to represent the interests of the Debtors' estates before those courts;

i.    consulting with the Debtors regarding tax matters;

j.    taking any necessary or otherwise beneficial action on behalf of the Debtors to negotiate, prepare on behalf of the Debtors, and obtain approval of a chapter 11 plan and all documents related thereto; and

k.    performing all other necessary or otherwise beneficial legal services for the Debtors in connection with the prosecution of these Chapter 11 Cases, including (i) analyzing the Debtors' leases and contracts and the assumptions, rejections, or assignments thereof, (ii) analyzing the validity of liens against the Debtors, and (iii) advising the Debtors on corporate and litigation matters.

4.    K&E shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the Office of the United States Trustee for the Southern District of New York, and any other applicable procedures and orders of the Court.

5.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

3

6.      The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

New York, New York
Dated: June 9,      2009

                                                s/ Robert E. Gerber
                                                United States Bankruptcy Judge

4

# **EXHIBIT 1**

# KIRKLAND & ELLIS LLP
#### AND AFFILIATED PARTNERSHIPS

James H.M. Sprayregen
To Call Writer Directly:
(312) 861-2481
jsprayregen@kirkland.com

Dir. Fax: (312) 861-2200

February 26, 2009

**PRIVILEGED & CONFIDENTIAL**
**FOR ADDRESSEE'S EYES ONLY**

**VIA E-MAIL AND FEDERAL EXPRESS**

Mr. John L. Flynn
Executive Vice President, General Counsel, and Corporate Secretary
ICO North America, Inc.
11700 Plaza America Drive
Suite 1010
Reston, Virginia 20190

Re:    Retention to Provide Legal Services

Dear John:

We are very pleased that you have asked us to represent ICO North America, Inc. (collectively, "you," "your," or the "Company") in connection with a potential restructuring. Please note, the Firm's representation is only of the Company; the Firm does not and will not represent the parent entity, ICO Global Communications (Holdings) Limited, any shareholder, director, officer, partner, or joint venturer of the Company.

**General Terms.** This retention letter (the "Agreement") sets forth the terms of your retention of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "K&E LLP" or the "Firm") to provide legal services and constitutes an agreement between us. The Agreement sets forth our entire agreement for rendering professional services for the current matter, as well as for all other existing or future matters, except where we otherwise agree in writing (e.g., by signing a different retention letter).

**Personnel.** I, along with my partner Christopher Marcus, will be primarily responsible for this engagement. Other attorneys and legal assistants also will perform services during the course of this engagement. We will involve such other lawyers and legal assistants in K&E LLP to the extent that your needs make such involvement desirable and acceptable to you.

K&E 14716919.2

**Fees**. The Firm will bill the Company for fees reasonably incurred at its regular hourly rates and in quarterly increments of an hour (or in smaller time increments otherwise required by a court). The following table summarizes the current hourly rates for the attorneys primarily responsible for this engagement:

| **Attorney** | **Hourly Rate** |
|---|---|
| James H.M. Sprayregen | $965 |
| Christopher J. Marcus | $725 |

We reserve the right to adjust the Firm's billing rates from time to time in the ordinary course of the Firm's representation of the Company. Although we will attempt to estimate fees to assist you in your planning if requested, such estimates are subject to change and are not binding unless otherwise expressly and unequivocally stated in writing.

**Expenses**. Expenses related to providing services shall be included in our statements as disbursements advanced by us on your behalf. Such expenses include photocopying, printing, scanning, witness fees, travel expenses, filing and recording fees, certain secretarial overtime, and other overtime expenses, postage, express mail, and messenger charges, deposition costs, computerized legal research charges, and other computer services, and miscellaneous other charges. Our clients pay directly (and are solely responsible for) certain larger costs, such as consultant or expert witness fees and expenses, and outside suppliers or contractors' charges. These direct costs will be incurred only with the Company's authorization. By executing this Agreement below, you agree to pay for all charges in accordance with K&E LLP's schedule of charges, a copy of which is attached hereto at Schedule 1, as revised from time to time.

**Billing Procedures**. Our statements for fees and expenses are typically rendered monthly and, unless other arrangements are made, payment in full is due upon receipt. We may adjust our billing cycle depending upon the circumstances. You may have the billing statement in any reasonable format you choose, and we understand that the Company has initially requested a format that shows the timekeeper, time and task in reasonable detail on a daily basis. Depending on the circumstances or at the Company's reasonable request, however, estimated or summary bills may be provided during certain billing cycles, with supporting time descriptions and expense summaries to follow thereafter.

**Retainer**. The Company will provide to the Firm, a "classic retainer," as defined in *In re Production Associates, Ltd.*, 264 B.R. 180, 184-85 (Bankr. N.D. Ill. 2001), and *In re McDonald Bros. Construction, Inc.*, 114 B.R. 989, 997-99 (Bankr. N.D. Ill. 1990), in the amount of $100,000. As such, the classic retainer will be earned by the Firm upon receipt. The initial amount of the classic retainer will be set to approximate our estimate of fees and expenses expected to be accrued and unpaid by the Company between payment cycles. The Firm's estimate of expected fees and expenses may change based upon actual or expected fees and

expenses incurred or expected to be incurred, as applicable. Further, the Company agrees to increase or replenish the classic retainer upon receiving invoices from the Firm so that the classic retainer amount remains at or above the Firm's estimated fees and expenses expected to be accrued and unpaid by the Company between payment cycles.

The classic retainer will be placed into K&E LLP's general cash account, will not be held in a separate account on your behalf, and you will not receive any interest on these monies. You have no interest in the classic retainer. This amount does not constitute a security deposit.

**Termination.** Our retention may be terminated by either of us at any time by written notice by or to you. Our representation will end at the earliest of (a) your termination of our representation, (b) our withdrawal, and (c) the substantial completion of our substantive work. We normally do not withdraw from a representation unless the client misrepresents or fails to disclose material facts, fails to pay fees or expenses, or makes it unethical or unreasonably difficult for us to continue to represent the client, or unless other just cause exists. If permission for withdrawal is required by a court, we shall apply promptly for such permission, and termination shall coincide with the court order for withdrawal. If this Agreement or our services are terminated for any reason, such termination shall be effective only to terminate our services prospectively and all the other terms of this Agreement shall survive any such termination.

Upon cessation of our active involvement in a particular matter (even if we continue active involvement in other matters on your behalf), we will have no further duty to inform you of future developments or changes in law as may be relevant to such matter. Further, unless you and we mutually agree in writing to the contrary, we will have no obligation to monitor renewal or notice dates or similar deadlines that may arise from the matters for which we had been retained.

**Cell Phone and E-Mail Communication.** K&E LLP hereby informs you and you hereby acknowledge that K&E LLP's attorneys sometimes communicate with their clients and their clients' professionals and agents by cell telephone, that such communications are capable of being intercepted by others and therefore may be deemed no longer protected by the attorney-client privilege, and that you must inform K&E LLP if you do not wish K&E LLP to discuss privileged matters on cell telephones with you or your professionals or agents.

K&E LLP hereby informs you and you hereby acknowledge that K&E LLP's attorneys sometimes communicate with their clients and their clients' professionals and agents by unencrypted e-mail, that such communications are capable of being intercepted by others and therefore may be deemed no longer protected by the attorney-client privilege, and that you must inform K&E LLP if you wish to institute a system to encode all e-mail between K&E LLP and you or your professionals or agents.

**File Retention.** All records and files will be retained and disposed of in compliance with our policy in effect from time to time. Subject to future changes, it is our current policy generally not to retain records relating to a matter for more than five years. Upon your prior written

request, we will return client records to you prior to their destruction. It is not administratively feasible for us to advise you of the closing of a matter or the disposal of records. We recommend, therefore, that you maintain your own files for reference or submit a written request for your client files promptly upon conclusion of a matter.

**Conflicts of Interest**. As is customary for a law firm of our size, you currently have relationships with numerous business entities that K&E LLP has represented or currently represents in matters unrelated to you. We are not aware of any conflicts of interest at this time. We note that K&E LLP may represent certain of your lenders and creditors and their affiliates in matters unrelated to you, including The Boeing Company (collectively, the "Interested Parties") and will continue to do so in such matters unrelated to you. Because you are engaged in activities (and may in the future engage in additional activities) in which your interests may diverge from those of the Interested Parties or our other clients, the possibility exists that the Interested Parties or one of our clients may take positions adverse to you. Notwithstanding anything to the contrary above, please note that the provisions in the following paragraph also apply to Interested Parties.

Further, in undertaking our representation of the Company, we want to be fair not only to its interests but also to those of our other clients. Because the Company is engaged in activities (and may in the future engage in additional activities) in which its interests may diverge from those of our other clients, the possibility exists that one of our current or future clients may take positions adverse to the Company (including litigation or other dispute resolution mechanisms) in a matter in which K&E LLP may be retained. In the event a present conflict of interest exists between the Company and our other clients or in the event one arises in the future, the Company agrees to waive any such conflict of interest or other objection that would preclude our representation of another client (a) in other current or future matters, not substantially related to this representation of the Company, and (b) other than during a Restructuring Case, as described below, in other matters related to the Company (including litigation or other dispute resolution mechanisms) other than matters substantially related to this representation. The Company also agrees that our representation is solely of the Company and that no member or other entity or person related to it (such as ICO Global Communications (Holdings) Limited, or directors, officers, or employees) has the status of a client for conflict of interest or other purposes.

**Restructuring Cases**. If it becomes necessary for you to commence a restructuring case under chapter 11 of the U.S. Bankruptcy Code, our ongoing employment by you will be subject to the approval of the court with jurisdiction over the petition. If necessary, K&E LLP will take steps necessary to prepare the disclosure materials required in connection with K&E LLP's retention as lead restructuring counsel. In the near term, K&E LLP will begin conflicts checks on potentially interested parties as provided by you.

If necessary, we will prepare a preliminary draft of a schedule describing K&E LLP's relationships with certain interested parties (the "Disclosure Schedule"). We will give you a draft of the Disclosure Schedule once it is available. Although K&E LLP believes that these relationships do not constitute actual conflicts of interest, these relationships must be described and disclosed in your application to the court to retain K&E LLP.

If actual conflicts of interest arise in the Company's restructuring cases, the Company will be required to use separate conflicts counsel in those matters, and the Firm will not participate in those matters.

**No Guarantee of Success**. It is impossible to provide any promise or guarantee about the outcome of your matters. Nothing in this Agreement or any statement by our staff or attorneys constitutes a promise or guarantee. Any comments about the outcome of your matter are simply expressions of judgment and are not binding on us.

**Consent to Use of Information**. In connection with future materials that, for marketing purposes, describe facets of our law practice and recite examples of matters we handle on behalf of clients, you agree that, if those materials avoid disclosing your confidences and secrets as defined by applicable ethical rules, they may identify you as a client, may contain factual synopses of your matters, and may indicate generally the results achieved.

**Reimbursement of Expenses**. You agree promptly to reimburse us for all reasonable fees and expenses, including the amount of K&E LLP's attorney and paralegal time at normal billing rates, as incurred by us as requested by the Company or required by law in connection with participating in, preparing for, or responding to any action, claim, suit, or proceeding brought by or against any third-party that relates to the legal services provided by us under the Agreement. Without limiting the scope of the foregoing, and by way of example only, this paragraph extends to all such fees and expenses incurred by us in responding to document subpoenas, and preparing for and testifying at depositions and trials.

**LLP**. Kirkland & Ellis LLP is a limited liability partnership organized under the laws of Illinois, and Kirkland & Ellis International LLP is a limited liability partnership organized under the laws of Delaware. Pursuant to those statutory provisions, an obligation incurred by a limited liability partnership, whether arising in tort, contract, or otherwise, is solely the obligation of the limited liability partnership, and partners are not personally liable, directly or indirectly, by way of indemnification, contribution, assessment, or otherwise, for such obligation solely by reason of being or so acting as a partner.

**Miscellaneous**. This Agreement sets forth our entire agreement for rendering professional services. It can be amended or modified only in writing and not orally or by course of conduct. Each party signing below is jointly and severally responsible for all obligations due us and represents that each has full authority to execute this Agreement so that it is binding. This Agreement may be signed in one or more counterparts and binds each party countersigning below, whether or not any other proposed signatory ever executes it. If any provision of this Agreement or the application thereof is held invalid or unenforceable, the invalidity or unenforceability shall not affect other provisions or applications of this Agreement which can be given effect without such provisions or application and, to this end, the provisions of this Agreement are declared to be severable.

We are not advising you with respect to this Agreement because we would have a conflict of interest in doing so. If you wish advice, you should consult independent counsel of your choice.

Please confirm your agreement with the arrangements described in this letter by signing below and returning it to me via fax at: (312) 861-2200.

Very truly yours,

KIRKLAND & ELLIS LLP

By _____ (bm)
Name:  James H.M. Sprayregen
Title:  Partner

Agreed to and accepted as of this 1th day of February 2009.

ICO NORTH AMERICA, INC.

By: _____
Name:  John L. Flynn
Title:  Executive Vice President, General
        Counsel, and Corporate Secretary

## Schedule I

### KIRKLAND & ELLIS LLP

### CLIENT-REIMBURSABLE EXPENSES AND OTHER CHARGES

*Effective 2/1/07*

The following outlines the policies and standard charges for various services performed by Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "K&E LLP" or the "Firm") and/or by other third parties on behalf of the client which are often ancillary to our legal services. Services provided by in-house Firm personnel are for the convenience of our clients. Given that these services are often ancillary to our legal services, in certain instances, it may be appropriate and/or more cost efficient for these services to be outsourced to a third-party vendor.

- **Duplicating, Reprographics and Printing:** The following list details the Firm's charges for duplicating, reprographics and printing services:

  o Black and White Copy or Print (all sizes of paper):
    - $0.10 per impression for all U.S. offices except New York
    - $0.15 per impression in New York
    - €0.10 per impression in Munich
    - £0.10 per impression in London

  o Color Copy or Print (all sizes of paper):
    - $0.50 per impression

  o Scanned Images:
    - $0.15 per page for black and white or color scans

  o Other Services:
    - CD/DVD Duplicating or Mastering – $7/$10 per CD/DVD
    - Binding – $0.70 per binding
    - Labels and Tabs – $0.03 – $0.10 per item based on service
    - Black and White or Color Transparency – $0.15 or $0.65 per page

  If services are provided beyond those outlined above, pricing will be based on the Firm's approximate cost and/or comparable market pricing.

- **Secretarial and Word Processing:** Clients are not charged for secretarial and word processing activities incurred on their matters during standard business hours.

- **Overtime Charges:** Secretarial and word processing overtime costs are not passed on to clients <u>unless</u> either (a) the client has specifically requested the after-hours work or (b) the nature of the work being done for the client necessitates the overtime and such work could not have been done during normal working hours. Costs for related overtime meals and transportation are charged to the client only under the same conditions.

- **Travel Expenses:** We charge clients only our out-of-pocket costs for travel expenses including associated travel agency fees. We charge only coach fares (business class for international flights) unless the client has approved first-class or an upgrade. K&E LLP personnel are instructed to incur only reasonable airfare, hotel and meal expenses. K&E LLP negotiates, uses, and passes along volume discount hotel and air rates whenever possible and practical. Volume discounts exclude certain immaterial retrospective rebates for which it is not practical to allocate to specific travel.

- **Communication Expenses:** We do not charge clients for telephone calls or faxes made from K&E LLP's offices with the exception of third-party conference calls and videoconferences. Charges incurred for conference calls, videoconferences, cellular telephones, and calls made from other third-party locations will be charged to the client at the actual cost incurred. Further, other telecommunication expenses incurred at third-party locations (*e.g.*, phone lines at trial sites, Internet access, etc.) will be charged to the client at the actual cost incurred.

- **Overnight Delivery/Postage:** We charge clients for the actual cost of overnight and special delivery (*e.g.*, Express Mail and FedEx), and U.S. postage for materials mailed on the client's behalf. K&E LLP negotiates, uses, and passes along volume discount rates whenever possible.

- **Messengers:** We charge clients for the actual cost of a third party vendor messenger. Where a K&E LLP in-house messenger is used, we charge clients a standard transaction charge plus applicable cab fare.

- **Computerized Research Services:** Client charges are limited to K&E LLP's actual third-party costs and do not include any surcharges for related overhead. K&E LLP negotiates, uses, and passes along volume discount rates whenever possible. As discounts are customarily based on overall volume, the amount of the discount may vary from month to month.

- **Off-Site Legal Files Storage:** Clients are not charged for off-site storage of files unless the storage charge is specifically approved in advance.

- **Electronic Data Storage:** The Firm does not generally charge our clients for costs to store electronic data and files related to cases. However, the Firm may seek to recover the cost of data storage for cases with large or long-term data storage requirements and/or where service level agreements between the client and the Firm provide for specialized document storage and retention.

- **Document Procurement:** Our standard client charge for document retrieval when a K&E LLP library employee obtains a document from an outside source is $25 per document. There is no client charge for retrieving documents from K&E LLP libraries in other cities or from other collections when the document is part of the K&E LLP collection but unavailable.

- **Calendar Court Services:** Our standard charge is $25 for a court filing and other court services or transactions.

- **Library and Business/Industry Research Services:** Research specialists perform computerized research services at the request of attorneys, and clients are charged per hour for these services.

- **Supplies:** There is no client charge for standard office supplies. Clients are charged only for special items (*e.g.*, a minute book, exhibit tabs/indexes/dividers, binding, etc.) and then only at K&E LLP's actual cost.

- **Contract Attorneys and Contract Non-Attorney Billers:** If there is a need to utilize a contract attorney or contract non-attorney on a client engagement, clients will be requested to retain and pay these individuals directly unless specific billing arrangements are agreed between the Firm and client.

- **Other Third-Party Expenditures:** Other third-party expenditures (*e.g.*, corporate document and lien searches, lease of office space at trial locations, IT equipment rentals, SEC and regulatory filings, etc.) incurred on behalf of a client, will be passed through to the client at actual cost. If the invoice exceeds $50,000, it is K&E LLP's policy that wherever possible such charges will be directly billed to the client. In those circumstances where this is not possible, K&E LLP will seek reimbursement from our client prior to paying the vendor.

Unless otherwise noted, charges billed in foreign currencies are determined annually based on current U.S. charges at an appropriate exchange rate.

## Exhibit C

## Summary of Legal Fees and Expenses for the Second Interim Fee Period

| Matter Number | Matter Description | Total Billed Hours | Total Fees Requested | Total Expenses Requested | Total Compensation |
|---|---|---|---|---|---|
| 7 | Business Operations | 10.60 | $7,077.50 | $462.52 | $7,540.02 |
| 8 | Case Administration | 109.10 | $35,063.00 | $20,555.15 | $55,618.15 |
| 9 | Cash Collateral and DIP Financing | 1,922.90 | $944,756.50 | $10,226.88 | $954,983.38 |
| 10 | Claims Administration and Objections | 593.30 | $308,229.50 | $13,074.44 | $321,303.94 |
| 11 | Corporate and Securities Issues | 394.50 | $189,985.50 | $1,885.85 | $191,871.35 |
| 12 | Creditors' and Equity Communications | 8.70 | $5,300.50 | $34.51 | $5,335.01 |
| 13 | Disclosure Statement, Plan, and Exit Planning | 5,570.20 | $2,570,223.00 | $198,054.46 | $2,768,277.46 |
| 14 | Employee Issues | 15.90 | $7,213.50 | $620.32 | $7,833.82 |
| 15 | Contracts and Leases | 181.00 | $73,017.50 | $595.98 | $73,613.48 |
| 16 | Hearings | 554.80 | $224,130.50 | $10,246.07 | $234,376.57 |
| 17 | Contested Matters | 11.40 | $5,665.00 | $999.55 | $6,664.55 |
| 18 | Professional Retention, Fee Applications, and Monthly Statements | 357.80 | $139,683.00 | $3,264.49 | $142,947.49 |
| 19 | Supplier and Vendor Issues | 10.50 | $7,087.50 | $12.56 | $7,100.06 |
| 20 | Schedules of Assets and Liabilities, Statement of Financial Affairs, and Monthly Operation Reports | 29.40 | $11,946.50 | $178.00 | $12,124.50 |
| 21 | Tax Issues | 14.30 | $10,897.00 | $1.20 | $10,898.20 |
| 22 | Travel | 164.10 | $77,356.00 | $98,607.94 | $175,963.94 |
| 23 | U.S. Trustee Issues | 0.10 | $41.50 | $0.00 | $41.50 |
| 24 | Use, Sale, or Lease of Property | 18.80 | $12,020.00 | $114.16 | $12,134.16 |
| **Totals for Matters** | | **9,967.40** | **$4,629,693.50** | **$358,934.08** | **$4,988,627.58** |

## **Exhibit D**

### **Summary of Total Hours and Total Fees for Attorneys and Paraprofessionals for the Second Interim Fee Period**

| Attorney | Position | Year Admitted | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| David Abramowicz | Associate | Pending | Litigation | $355.00 | 77.10 | $27,370.50 |
| Beverly Baker | Associate | 2000 | Litigation | $470.00 | 34.00 | $15,980.00 |
| John Baldry | Partner | 1993 | Taxation | $865.00 | 3.00 | $2,595.00 |
| Shireen Barday | Associate | 2009 | Litigation | $415.00 | 276.00 | $114,540.00 |
| Jennifer Bisenius | Associate | 2009 | Restructuring | $365.00 | 138.80 | $50,662.00 |
| Katharine M. Burke | Associate | 2007 | Intellectual Property | $430.00 | 103.00 | $44,290.00 |
| Marc J. Carmel | Partner | 2000 | Restructuring | $675.00 | 864.60 | $583,605.00 |
| Erik W. Chalut | Partner | 1999 | Restructuring | $660.00 | 23.30 | $15,378.00 |
| Michael Chu | Associate | 2007 | Corporate | $470.00 | 26.40 | $12,408.00 |
| Jeffrey B. Clark | Partner | 1997 | Litigation | $625.00 | 215.30 | $134,562.50 |
| Benjamin Clinger | Associate | 2008 | Corporate | $380.00 | 71.90 | $27,322.00 |
| Christopher V. Coulston | Associate | 2008 | Litigation | $515.00 | 516.60 | $266,049.00 |
| Thad Davis | Associate | 2005 | Taxation | $550.00 | 7.60 | $4,180.00 |
| Matthew F. Dexter | Associate | 2005 | Litigation | $580.00 | 207.60 | $120,408.00 |
| Deborah V. Dunn | Partner | 1995 | Trusts and Estates | $620.00 | 19.10 | $11,842.00 |
| Naima B. Garvin | Associate | 2007 | Litigation | $515.00 | 75.00 | $38,625.00 |
| Colin George | Associate | 2009 | Litigation | $415.00 | 1.50 | $622.50 |
| Adam Goldstein | Associate | 2006 | Restructuring | $520.00 | 457.60 | $237,952.00 |
| Lauren M. Hawkins | Associate | 2006 | Restructuring | $520.00 | 1,032.50 | $536,900.00 |
| Shay-Ann Heiser Singh | Associate | 2008 | Restructuring | $415.00 | 1,100.40 | $456,666.00 |
| Karin Hoekstra | Associate | 2008 | Corporate | $380.00 | 215.50 | $81,890.00 |
| Partha Kar | Partner | 1993 | Restructuring | $920.00 | 2.60 | $2,392.00 |
| Scott Kitei | Associate | 2004 | Restructuring | $610.00 | 9.10 | $5,551.00 |
| Leonard Klingbaum | Partner | 2000 | Corporate | $685.00 | 9.80 | $6,713.00 |
| Mark Knight | Associate | 2008 | Restructuring | $505.00 | 2.50 | $1,262.50 |
| Nate Kritzer | Associate | 2009 | Litigation | $355.00 | 5.30 | $1,881.50 |
| Emily Lee | Associate | 2009 | Litigation | $415.00 | 26.90 | $11,163.50 |
| Nathan S. Mammen | Associate | 2004 | Intellectual Property | $510.00 | 3.40 | $1,734.00 |
| Christopher J. Marcus | Partner | 2000 | Restructuring | $725.00 | 9.60 | $6,960.00 |
| Todd F. Maynes, P.C. | Partner | 1988 | Taxation | $955.00 | 3.00 | $2,865.00 |
| Mercedes McFarland | Associate | 2005 | Corporate | $510.00 | 193.40 | $98,634.00 |
| Ainsley Moloney | Associate | 2007 | Restructuring | $470.00 | 550.30 | $258,641.00 |
| Joy L. Monahan | Associate | 1997 | Restructuring | $565.00 | 144.70 | $81,755.50 |
| Jeffrey Pawlitz | Associate | 2007 | Restructuring | $470.00 | 94.20 | $44,274.00 |
| Yosef J. Riemer | Partner | 1985 | Litigation | $845.00 | 204.50 | $172,802.50 |
| Janet S. Siegel | Of Counsel | 1987 | Restructuring | $510.00 | 50.90 | $25,959.00 |
| Sienna R. Singer | Associate | 2004 | Restructuring | $565.00 | 105.00 | $59,325.00 |
| James H.M. Sprayregen, P.C. | Partner | 1985 | Restructuring | $965.00 | 85.20 | $82,218.00 |
| Lee Ann Stevenson | Partner | 1999 | Litigation | $675.00 | 455.30 | $307,327.50 |

| Attorney | Position | Year Admitted | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Maureen E. Sweeney, P.C. | Partner | 1996 | Corporate | $725.00 | 252.50 | $183,062.50 |
| Vincente Tennerelli | Associate | 2008 | Restructuring | $415.00 | 111.40 | $46,231.00 |
| James Thibodeau | Associate | 2008 | Corporate | $380.00 | 0.30 | $114.00 |
| Dana Yankowitz | Associate | 2007 | Restructuring | $470.00 | 0.80 | $376.00 |
| **Totals for Attorneys** | | | | | **7,787.50** | **$4,185,090.00** |

| Paraprofessional | Position with the Applicant | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Sharon Alvizu | Legal Assistant | Corporate | $260.00 | 77.80 | $20,228.00 |
| Neil P. Bohan | Legal Assistant | Restructuring | $225.00 | 625.30 | $140,692.50 |
| Shaun Booth | Case Assistant | Restructuring | $165.00 | 4.00 | $660.00 |
| Andrew Brniak | Case Assistant | Restructuring | $130.00 | 50.10 | $6,513.00 |
| Anna O. Del Rosario | Legal Assistant | Restructuring | $225.00 | 3.20 | $720.00 |
| Erika Dillon | Case Assistant | Litigation | $165.00 | 388.50 | $64,102.50 |
| Warren C. Doyle | Case Assistant | Litigation | $150.00 | 1.50 | $225.00 |
| Marty Fletcher | Project Assistant | Litigation | $160.00 | 0.50 | $80.00 |
| Paul Fraumann | Legal Assistant | Restructuring | $205.00 | 0.50 | $102.50 |
| Beth Friedman | Legal Assistant | Restructuring | $275.00 | 7.40 | $2,035.00 |
| Stephanie D. Frye | Conflicts Specialist | Administrative Services | $205.00 | 0.50 | $102.50 |
| Jacob Goldfinger | Legal Assistant | Restructuring | $235.00 | 2.80 | $658.00 |
| Adam J. Gorman | Legal Assistant | Restructuring | $235.00 | 7.50 | $1,762.50 |
| Don M. Henderson | Conflicts Specialist | Administrative Services | $225.00 | 11.00 | $2,475.00 |
| Deborah Jordan | Case Assistant | Litigation | $175.00 | 25.50 | $4,462.50 |
| Debbie Kakanas | Legal Assistant | Litigation | $275.00 | 76.50 | $21,037.50 |
| Ellen J. Kratofil | Conflicts Specialist | Administrative Services | $225.00 | 7.30 | $1,642.50 |
| Bennett Mallamo | Case Assistant | Intellectual Property | $165.00 | 6.00 | $990.00 |
| Thomas Mangne | Technology Services | Litigation | $250.00 | 0.50 | $125.00 |
| Maureen McCarthy | Legal Assistant | Restructuring | $235.00 | 52.50 | $12,337.50 |
| Suzanne J. McPhail | Legal Assistant | Litigation | $215.00 | 12.50 | $2,687.50 |
| Jennifer Merchant | Project Assistant | Corporate | $170.00 | 0.50 | $85.00 |
| Michal Moskovich | Legal Assistant | Restructuring | $205.00 | 10.30 | $2,111.50 |
| Timothy O'Brien | Project Assistant | Corporate | $170.00 | 7.70 | $1,309.00 |
| Robert Orren | Case Assistant | Restructuring | $175.00 | 8.30 | $1,452.50 |
| Michael Robinson | Case Assistant | Restructuring | $165.00 | 1.50 | $247.50 |
| Anne Rogers | Conflicts Specialist | Administrative Services | $225.00 | 13.00 | $2,925.00 |
| Jonathan Rousseau | Technology Services | Litigation | $200.00 | 21.50 | $4,300.00 |
| Nicole Saucedo | Project Assistant | Corporate | $160.00 | 0.50 | $80.00 |
| Linda A. Scussel | Conflicts Specialist | Administrative Services | $225.00 | 5.60 | $1,260.00 |
| Igor Shulkin | Technology Services | Litigation | $180.00 | 0.50 | $90.00 |
| Katrina M. Simek | Legal Assistant | Restructuring | $225.00 | 32.00 | $7,200.00 |
| Carrie Sroka | Project Assistant | Restructuring | $165.00 | 335.10 | $55,291.50 |

| Paraprofessional | Position with the Applicant | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Taylor K. Templeton | Case Assistant | Intellectual Property | $160.00 | 2.00 | $320.00 |
| Gary M. Vogt | Legal Assistant | Litigation | $265.00 | 165.50 | $43,857.50 |
| Carrie L. Wildfong | Project Assistant | Restructuring | $165.00 | 125.00 | $20,625.00 |
| PeiSan Yee | Technology Services | Litigation | $235.00 | 40.60 | $9,541.00 |
| Library Research | Research Specialist | Administrative Services | $210.00 | 48.90 | $10,269.00 |
| **Totals for Paraprofessionals** | | | | **2,179.90** | **$444,603.50** |

| | |
|---|---|
| **Total Hours Billed During the Second Interim Fee Period** | **9,967.40** |
| **Total Fees Requested During the Second Interim Fee Period** | **$4,629,693.50** |
| | |
| **Blended Rate (Including Paraprofessionals)** | **$464.48** |
| **Blended Rate (Excluding Paraprofessionals)** | **$537.41** |

## Exhibit E

### Summary of Disbursements for the Second Interim Fee Period

| Disbursements | Amount |
| --- | --- |
| Computer Database Research | $88,211.64 |
| Copying and Binding | $88,115.51 |
| Filing Fees | $493.50 |
| Meals | $17,740.25 |
| Postage, Overnight Delivery, and Messenger Service | $9,683.27 |
| Telephone | $1,482.30 |
| Travel, Airfare, and Other Transportation | $107,682.67 |
| Trial, Office, and Rental Expenses | $45,524.94 |
| **Total** | **$358,934.08** |