James H.M. Sprayregen, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022-4611
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

- and -

Marc J. Carmel
Lauren M. Hawkins
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| DBSD NORTH AMERICA, INC., *et al.*,[1] | Case No. 09-13061 (REG) |
| Debtors. | Jointly Administered |

**NOTICE OF DEBTORS' THIRD MOTION FOR ENTRY OF
AN ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIOD
PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE**

PLEASE TAKE NOTICE that a hearing (the "**Hearing**")[2] on the Debtors' Third Motion

for Entry of an Order Extending the Debtors' Exclusive Period Pursuant to Section 1121 of the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are:  DBSD North America, Inc. (6404); 3421554 Canada Inc. (4288); DBSD Satellite Management, LLC (3242); DBSD Satellite North America Limited (6400); DBSD Satellite Services G.P. (0437); DBSD Satellite Services Limited (8189); DBSD Services Limited (0168); New DBSD Satellite Services G.P. (4044); and SSG UK Limited (6399).  The service address for each of the Debtors is 11700 Plaza America Drive, Suite 1010, Reston, Virginia 20190.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

Bankruptcy Code (the "**Motion**"), is scheduled to be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Courtroom No. 621 of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, on **June 9, 2010 at 9:45 a.m. (prevailing Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Local Rules for the United States Bankruptcy Court for the Southern District of New York, and shall be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties in interest, on a 3.5 inch disk, in text-searchable Portable Document Format (PDF), Wordperfect, or any other Windows-based word processing format (in either case, with a hard-copy delivered directly to Chambers), and shall be served upon (a) the Debtors and their counsel, (b) the Office of the United States Trustee for the Southern District of New York, (c) counsel to the official committee of unsecured creditors, (d) counsel to DISH Network Corporation, (e) counsel to the ad hoc committee of secured noteholders, (f) the Internal Revenue Service, (g) the Securities and Exchange Commission, and (h) the parties in interest who have formally requested notice by filing a written request for notice pursuant to Bankruptcy Rule 2002, so as to be actually received **no later than June 2, 2010 at 4:00 p.m. (prevailing Eastern Time)**. Only those responses that are timely filed, served, and received will be considered at the Hearing.

Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors.

| | |
|---|---|
| New York, New York<br>Dated: May 20, 2010 | */s/ Marc J. Carmel*<br>James H.M. Sprayregen, P.C.<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022-4611<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>    - and -<br><br>Marc J. Carmel<br>Lauren M. Hawkins<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200<br><br>Counsel to the Debtors<br>and Debtors in Possession |

James H.M. Sprayregen, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022-4611
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

   - and -

Marc J. Carmel
Lauren M. Hawkins
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DBSD NORTH AMERICA, INC., *et al.*,[1] | ) | Case No. 09-13061 (REG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' THIRD MOTION FOR ENTRY OF
AN ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIOD
PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE**

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are:  DBSD North America, Inc. (6404); 3421554 Canada Inc. (4288); DBSD Satellite Management, LLC (3242); DBSD Satellite North America Limited (6400); DBSD Satellite Services G.P. (0437); DBSD Satellite Services Limited (8189); DBSD Services Limited (0168); New DBSD Satellite Services G.P. (4044); and SSG UK Limited (6399).  The service address for each of the Debtors is 11700 Plaza America Drive, Suite 1010, Reston, Virginia 20190.

# TABLE OF CONTENTS

|  | Page |
|---|---|
| Jurisdiction | 2 |
| Preliminary Statement | 2 |
| Background | 4 |
| Relief Requested | 5 |
| Basis for Relief | 6 |
| Cause Exists To Extend the Exclusive Period | 8 |
| Notice | 10 |
| No Prior Request | 11 |

K&E 16832698

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

In re Adelphia Commc'ns Corp.,
  352 B.R. 578 (Bankr. S.D.N.Y. 2006), clarified and reh'g denied,
  Case No. 02-41729, 2006 WL 2927222 (Bankr. S.D.N.Y. Oct. 10, 2006) ........................ 6, 7, 8

In re Alper Holdings USA, Inc.,
  Case No. 07-12148 (Bankr. S.D.N.Y. Nov. 12, 2008) ............................................................ 10

In re Bayou Group, LLC,
  Case No. 06-22306 (Bankr. S.D.N.Y. Aug. 30, 2007) ............................................................ 10

In re Chemtura Corp.,
  Case No. 09-11233 (Bankr. S.D.N.Y. Feb. 23, 2010) ............................................................ 10

In re Clamp-All Corp.,
  233 B.R. 198 (Bankr. D. Mass. 1999) ...................................................................................... 6

In re Frontier Airlines Holdings, Inc.,
  Case No. 08-11298 (Bankr. S.D.N.Y. May 20, 2009) ............................................................ 10

In re Lionel L.L.C.,
  Case No. 04-17324, 2007 WL 2261539 (Bankr. S.D.N.Y. Aug. 3, 2007) ................................ 8

In re McLean Indus., Inc.,
  87 B.R. 830 (Bankr. S.D.N.Y. 1987) ........................................................................................ 7

In re Tower Auto., Inc.,
  Case No. 05-10578 (Bankr. S.D.N.Y. Jan. 25, 2006) ............................................................. 11

In re Tronox Inc.,
  Case No. 09-10156 (Bankr. S.D.N.Y. Dec. 10, 2009) ........................................................... 10

**Statutes**

11 U.S.C. § 1121(d) ................................................................................................................... 2, 6

11 U.S.C. § 1121(d)(2) ................................................................................................................... 6

28 U.S.C. § 1334 ............................................................................................................................ 2

28 U.S.C. § 1408 ............................................................................................................................ 2

28 U.S.C. § 1409 ............................................................................................................................ 2

28 U.S.C. § 157 ................................................................................................................. 2

**Rules**

Fed. R. Bank. P. 2002 .................................................................................................... 11

**Other Authorities**

H.R. Rep. No. 95-595 (1977),
  as reprinted in 1978 U.S.C.C.A.N. 5963 ................................................................. 6

The above-captioned debtors (the "**Debtors**") hereby move the Court, pursuant to this motion (the "**Motion**"), for the entry of an order pursuant to section 1121(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), substantially in the form attached hereto as **Exhibit A** (the "**Order**"), extending the exclusive period during which the Debtors may solicit plan acceptances (the "**Exclusive Period**") to the earlier of (a) October 7, 2010 and (b) 45 days after the first to occur of the following events: (i) the Federal Communications Commission (the "**FCC**") denies the FCC applications (as described herein); and (ii) the United States Court of Appeals for the Second Circuit (the "**Second Circuit**") vacates or reverses the order confirming the Plan[2] (the "**Confirmation Order**").[3] In support of this Motion, the Debtors respectfully state as follows.

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is section 1121(d) of the Bankruptcy Code.

## Preliminary Statement

4. As this Court is aware, the Debtors have been poised to consummate the Plan since shortly after the Court entered the Confirmation Order on November 23, 2009. The only remaining condition precedent to consummating the Plan is the receipt of approval from the FCC

---

[2] See Debtors' Second Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code [Docket No. 500] (the "**Plan**").

[3] See Findings of Fact, Conclusions of Law, and Order Confirming Debtors' Second Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code [Docket No. 547].

K&E 16832698

of the Debtors' applications to transfer control of certain FCC licenses to the reorganized Debtors.[4] Although the Debtors filed their FCC applications on December 11, 2009, as early as practicable after the Plan was confirmed, the FCC licensing process generally takes four to six months, and the Debtors continue to await the FCC's decision. The Debtors remain confident that the FCC will approve their transfer applications; however, this result is not guaranteed. In order to ensure that the Debtors have sufficient time to consummate the Plan upon receipt of FCC approval, or alternatively, to ensure that they have a reasonable amount of time to formulate a modified version of the Plan or an alternate plan with their constituencies in the event that it becomes necessary to do so, the Debtors seek to extend the Exclusive Period for 120 days, from June 9, 2010 to October 7, 2010. To obtain the consent of DISH Network Corporation ("**DISH**"), the Debtors have agreed to incorporate conditions into the Order similar to those agreed to by DISH and the Debtors to resolve DISH's objection to the Second Exclusivity Order (as defined herein); specifically, that the Debtors' Exclusive Period in which to solicit acceptances on a plan be "extended until the earlier of (a) October 7, 2010 and (b) 45 days after the first to occur of the following events: (i) the FCC denies the FCC applications; and (ii) the Second Circuit vacates or reverses the Confirmation Order." See Exhibit A, ¶ 2. Accordingly, DISH does not object to the relief requested herein. This Motion has the support of the Committee[5] and the ad hoc committee of senior secured noteholders (the "**Senior Noteholders**").

---

4   See Plan Art. X.A.5.

5   "**Committee**" means the official committee of unsecured creditors appointed in the Chapter 11 Cases on May 29, 2009 pursuant to section 1102 of the Bankruptcy Code.

3

**Background**

5.  By order entered November 3, 2009, the Court extended the Debtors' Exclusive Period in which to solicit acceptances on a plan until February 9, 2010 [Docket No. 506], without prejudice to the Debtors' ability to seek further extensions of their Exclusive Period.

6.  By order entered January 26, 2010, the Court extended the Debtors' Exclusive Period in which to solicit acceptances on a plan until the earlier of (a) June 9, 2010 and (b) 45 days after the first to occur of the following events: (i) the FCC denies the FCC applications described in the Motion; and (ii) the United States District Court for the Southern District of New York vacates or reverses the Confirmation Order [Docket No. 614] (the "**Second Exclusivity Order**"). The Second Exclusivity Order was entered without prejudice to the Debtors' ability to seek further extensions of their Exclusive Period.

7.  Since the entry of the Second Exclusivity Order, the Debtors and their advisors have worked diligently to complete all necessary tasks and to resolve all outstanding issues in the Debtors' chapter 11 cases (the "**Chapter 11 Cases**") so that the Plan can be consummated as expeditiously and efficiently as practicable upon receipt of FCC approval, including, without limitation:

    a.  On March 23, 2010, the Debtors appeared before the District Court to defend the Confirmation Order and the Order Designating the Vote of DISH Network Corporation To Reject the Debtors' Second Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 546] (the "**Designation Order**") against appeals by DISH and Sprint Nextel Corporation ("**Sprint**"). The District Court affirmed the Confirmation Order and the Designation Order in their entirety on March 24, 2010.[6]

---

[6] See Memorandum and Order of U.S. District Court Judge Lewis A. Kaplan [Docket No. 658] (the "**District Court Order**").

K&E 16832698

b. On March 31, 2010, the District Court affirmed the Bench Decision on Debtors' Objection to Proofs of Claim Filed by Sprint Nextel Corporation [Docket No. 434] over the appeal of Sprint.[7]

c. The Debtors and the Senior Noteholders sought and, on March 5, 2010, obtained an order approving the form of the syndication materials for the syndication of the exit facility that the Plan contemplates the reorganized Debtors will enter into on the effective date (the "**New Credit Facility**"), and establishing a record date of March 5, 2010, for determining which Senior Noteholders are eligible to participate in the syndication of the New Credit Facility [Docket No. 647]. The syndication of the New Credit Facility was completed on March 26, 2010, and Senior Noteholders holding more than 90% of the value of the Senior Notes elected to participate in the syndication of the New Credit Facility.

d. The Debtors have worked closely with the lenders under the Secured Super-Priority Debtor-in-Possession Credit Agreement dated as of January 8, 2010 (the "**DIP Facility**") to secure extensions to the maturity of the DIP Facility so the Debtors have the necessary financing through the effective date.

e. The Debtors have given notice in accordance with the Order Requiring Prior Notice of Effective Date [Docket No. 566] that the Effective Date may occur on or after April 5, 2010, subject to FCC approval.[8]

**Relief Requested**

8. By this Motion, the Debtors seek the entry of an order extending the Exclusive Period by 120 days to the earlier of (a) October 7, 2010 and (b) 45 days after the first to occur of the following events: (i) the FCC denies the FCC applications; and (ii) the Second Circuit vacates or reverses the Confirmation Order. The Debtors request that this relief be granted without prejudice to the Debtors' right to seek further extensions of the Exclusive Period.

---

[7] See Memorandum and Order of U.S. District Court Judge Victor Marrero [Docket No. 668].

[8] See Notice in Accordance with "Order Requiring Prior Notice of Effective Date" [Docket No. 659].

5

**Basis for Relief**

9.      Section 1121(d) of the Bankruptcy Code authorizes a court to extend a debtor's exclusive periods to file a chapter 11 plan and solicit plan acceptances for cause. In re Adelphia Commc'ns Corp., 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006), clarified and reh'g denied, Case No. 02-41729, 2006 WL 2927222 (Bankr. S.D.N.Y. Oct. 10, 2006). Specifically, section 1121(d)(1) of the Bankruptcy Code states:

> [O]n request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d)(1).[9] The purpose of the exclusive periods is to give the debtor "the opportunity to retain control over the reorganization process." In re Clamp-All Corp., 233 B.R. 198, 207 (Bankr. D. Mass. 1999).

10.     Although the Bankruptcy Code does not define "cause," the legislative history of section 1121 indicates that "cause" is intended to be a flexible standard that balances the competing interests of a debtor and its creditors. See H.R. Rep. No. 95-595 at 231–32 (1977), as reprinted in 1978 U.S.C.C.A.N. 5963, 6191 ("[C]hapter 11 recognizes the need for the debtor to remain in control to some degree, or else debtors will avoid the reorganization provisions . . . until it would be too late for them to be an effective remedy. At the same time, the [statute] recognizes the legitimate interests of creditors[.]"). This flexibility is intended, in part, to give a debtor an adequate opportunity to negotiate an agreement with its creditors and consummate its plan. In re McLean Indus., Inc., 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987) ("The term 'cause' is

---

[9] The Debtors commenced these Chapter 11 Cases on May 15, 2009, and the requested relief is within the time frames provided by section 1121(d)(2) of the Bankruptcy Code.

. . . to be viewed flexibly in order to allow the debtor to reach an agreement.") (internal quotations and citations omitted).

11. Determining whether cause exists to reduce or increase the exclusive periods is a fact-specific exercise that falls within the discretion of the bankruptcy court. Adelphia, 352 B.R. at 578. In making this determination, the court's "root consideration" should be whether the exclusive periods have given the debtor "a reasonable time *in light of the bankruptcy case in its entirety*[,]" and courts must assess the totality of the circumstances by considering a variety of factors. McLean Indus., 87 B.R. at 834 (emphasis added). Courts, including this one, have identified a number of relevant factors to be considered, including:

    a. the size and complexity of the case;

    b. whether the debtor has had sufficient time to permit it to negotiate a plan of reorganization and prepare adequate information;

    c. whether the debtor has made good faith progress towards reorganization;

    d. whether the debtor is paying its bills as they come due;

    e. whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    f. whether the debtor has made progress in negotiations with its creditors;

    g. the amount of time that has elapsed in the Chapter 11 cases;

    h. whether the debtor is using the exclusive periods to pressure creditors to submit to the debtor's reorganization demands; and

    i. whether any unresolved contingencies remain.

Adelphia, 352 B.R. at 587; In re Lionel L.L.C., Case No. 04-17324, 2007 WL 2261539, at *6 (Bankr. S.D.N.Y. Aug. 3, 2007).

12. Taking these factors into consideration, the Debtors respectfully assert that ample cause exists to extend the Exclusive Period.

## Cause Exists To Extend the Exclusive Period

13. Each of the traditional factors enumerated by this Court as relevant to determining whether cause exists to extend the Exclusive Period supports the Debtors' Motion:

   a. <u>Size and Complexity</u>: The Chapter 11 Cases have been more complex than might otherwise have been the case, in large part because DISH and Sprint have been fighting and continue to fight both confirmation and consummation of the Plan at each stage, despite defeats in both this Court and the District Court.

   b. <u>Sufficient Time To Negotiate a Plan and Prepare Disclosure Statement</u>: The Debtors negotiated the Plan, prepared the Disclosure Statement,[10] solicited votes on the Plan, and won confirmation of the Plan all within approximately six months, but, if the FCC ultimately does not approve the Debtors' FCC applications, the Debtors may need additional time to amend the Plan or formulate an alternate plan and, to the extent necessary, resolicit votes thereon.

   c. <u>Good Faith Progress Toward Reorganization</u>: The Debtors and their advisors have ensured that the Chapter 11 Cases progress as expeditiously as possible. Within just four and a half months, the Debtors negotiated, filed, and solicited votes upon their Plan and presented a successful case for confirmation of the Plan. The Debtors stand poised to consummate the Plan and must await FCC approval of the Debtors' FCC applications and, in the meantime, are defending appeals by Sprint and DISH of the District Court Order affirming the Confirmation Order[11] and the Designation Order,[12] all of which are currently pending in the Second Circuit. The significant time and resources devoted to the Chapter 11 Cases by the Debtors, their advisors, and numerous parties in interest to date strongly support an extension of the Exclusive Period.

---

[10] "**Disclosure Statement**" means the Disclosure Statement for the Plan, dated July 24, 2009 as amended, supplemented or modified from time to time, including all exhibits and schedules thereto and references therein that relate to the Plan.

[11] These appeals are styled as <u>DISH Network Corp. v. DBSD N. Am, Inc.</u>, No. 10-1175 (2d Cir. docketed Apr. 1, 2010) and <u>Sprint Nextel Corp. v. DBSD N. Am., Inc.</u>, No. 10-1352 (2d Cir. docketed Apr. 12, 2010), respectively.

[12] This appeal is styled as <u>DISH Network Corp. v. DBSD N. Am., Inc.</u>, No. 10-1201 (2d Cir. docketed Apr. 1, 2010).

8

K&E 16832698

d. <u>Payment of Bills as They Come Due</u>: The Debtors have paid their bills as they come due, and no party has suggested otherwise.

e. <u>Reasonable Prospects for Filing a Viable Plan</u>: The Debtors filed, solicited votes on, and completed the confirmation hearing on their Plan within the original Exclusive Period. The Court entered the Confirmation Order on November 23, 2009. In the event the Debtors' FCC application is not approved, the Debtors prospects for filing another viable plan are good, as demonstrated by the Debtors' success in garnering the support for the Plan by substantially all parties entitled to vote and as demonstrated by the Debtors' receipt of competing proposals for financing and strategic alternatives.

Extending the Exclusive Period will ensure that the Debtors have an appropriate opportunity to negotiate an amended version of the Plan or an alternate plan and will prevent the Debtors from having to contend with multiple competing plans of reorganization in the event that the outcome of the FCC licensing process prevents the Debtors from consummating the confirmed Plan.

f. <u>Progress in Creditor Negotiations</u>: Prior to solicitation of the Plan, the Debtors received the support of the Plan by, among other constituents, a majority in principal of the secured noteholders, the current equity holder, and the Committee. After solicitation, the Debtors made additional adjustments to the Plan to resolve outstanding concerns, and the Debtors continued to negotiate with their constituents regarding the Plan and potential strategic alternatives.

g. <u>Amount of Time Elapsed</u>: Just over 12 months have elapsed since the petition date, and the Debtors have already won confirmation of the Plan. The Debtors stand ready to effectuate the Plan pending FCC approval.

h. <u>Misuse of Exclusive Period To Pressure Creditors</u>: The Debtors are not seeking an extension of the Exclusive Period to pressure creditors. To the contrary, the requested extension is intended to preserve and capitalize on the substantial progress the Debtors have made to date. Extending the Exclusive Period will permit the Debtors to reach an agreement with parties in interest without the disruptive impact of competing plans if it becomes necessary for the Debtors to formulate and solicit votes on an amended plan.

i. <u>Unresolved Contingency</u>: There are no unresolved contingencies that counsel against extending the Exclusive Period.

14. Courts in this district routinely have granted relief similar to the relief requested herein. <u>See, e.g.</u>, <u>In re Chemtura Corp.</u>, Case No. 09-11233 (Bankr. S.D.N.Y. Feb. 23, 2010)

9

(granting a third extension of the exclusivity period for four months); In re Tronox Inc., Case No. 09-10156 (Bankr. S.D.N.Y. Dec. 10, 2009) (granting a third extension of the exclusivity period for three months); In re Frontier Airlines Holdings, Inc., Case No. 08-11298 (Bankr. S.D.N.Y. May 20, 2009) (granting a third extension of the exclusivity period for four months); In re Alper Holdings USA, Inc., Case No. 07-12148 (Bankr. S.D.N.Y. Nov. 12, 2008) (granting a third extension of the exclusivity period for two months); In re Bayou Group, LLC, Case No. 06-22306 (Bankr. S.D.N.Y. Aug. 30, 2007) (granting a third extension of the exclusivity period for two months); In re Tower Auto., Inc., Case No. 05-10578 (Bankr. S.D.N.Y. Jan. 25, 2006) (granting a third extension of the exclusivity period for three months).

15. Finally, the relief requested in this Motion will not prejudice the rights of interested parties. Any interested party may move this Court, on appropriate notice, to reduce the Exclusive Period for cause shown. This remedy is more than sufficient to protect stakeholders from any undue delay on the part of the Debtors. For all of these reasons, the Court should extend the Exclusive Period as set forth herein.

## Notice

16. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel to the Committee; (c) counsel to DISH; (d) counsel to the Senior Noteholders; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; and (g) the parties in interest who have formally requested notice by filing a written request for notice, pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

K&E 16832698

**No Prior Request**

17.　　No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, extending the Exclusive Period until the earlier of (a) October 7, 2010 and (b) 45 days after the first to occur of the following events: (i) the FCC denies the FCC applications described herein; and (ii) the Second Circuit vacates or reverses the Confirmation Order; and granting such other further relief as is just and proper.

| | |
|---|---|
| New York, New York<br>Dated: May 20, 2010 | */s/ Marc J. Carmel*<br>James H.M. Sprayregen, P.C.<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022-4611<br>Telephone:　(212) 446-4800<br>Facsimile:　(212) 446-4900<br><br>- and -<br><br>Marc J. Carmel<br>Lauren M. Hawkins<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone:　(312) 862-2000<br>Facsimile:　(312) 862-2200<br><br>Counsel to the Debtors<br>and Debtors in Possession |

# **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| DBSD NORTH AMERICA, INC., *et al.*,[1] | ) ) ) | Case No. 09-13061 (REG) |
| Debtors. | ) ) ) | Jointly Administered |

### ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIOD
### PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE

Upon the motion (the "**Motion**") of the above-captioned debtors (the "**Debtors**") for the entry of an order (this "**Order**") extending the exclusive period during which the Debtors may solicit plan acceptances pursuant to section 1121(d) of title 11 of the United States Code (the "**Bankruptcy Code**") to October 7, 2010 (the "**Exclusive Period**"); it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: DBSD North America, Inc. (6404); 3421554 Canada Inc. (4288); DBSD Satellite Management, LLC (3242); DBSD Satellite North America Limited (6400); DBSD Satellite Services G.P. (0437); DBSD Satellite Services Limited (8189); DBSD Services Limited (0168); New DBSD Satellite Services G.P. (4044); and SSG UK Limited (6399). The service address for each of the Debtors is 11700 Plaza America Drive, Suite 1010, Reston, Virginia 20190.

1. The Motion is granted to the extent set forth herein.

2. The Debtors' Exclusive Period is extended until the earlier of (a) October 7, 2010 and (b) 45 days after the first to occur of the following events: (i) the FCC denies the FCC applications; and (ii) the Second Circuit vacates or reverses the Confirmation Order.[2]

3. This Order is without prejudice to (a) the Debtors' ability to seek further extensions of their Exclusive Period in accordance with section 1121(d) of the Bankruptcy Code or parties' rights to oppose the same or (b) parties' rights to move to shorten the period or to oppose the same.

4. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Dated: _____, 2010

United States Bankruptcy Judge

---

[2] See Findings of Fact, Conclusions of Law, and Order Confirming Debtors' Second Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code [Docket No. 547] (the "**Confirmation Order**").

K&E 16832698